United States District Court
Middle District of Louisiana

| | |
|---|---|
| David M. Helmers | Civil Action No. |
| Versus | Judge |
| ABF Freight System, Inc.; ArcBest II, Inc.; Napps Technology, Inc.; and Trane U.S. Inc. | Mag. Judge |

**Complaint for Damages**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, David M. Helmers ("Plaintiff"), an individual of the full age of majority and citizen of Louisiana and the United States of America, who files this Complaint and respectfully alleges:

**I.    Parties and Jurisdiction.**

1.    Made Defendants herein are:

(a)    ABF Freight Systems, Inc. ("ABF"), a foreign corporation incorporated under the laws of the State of Arkansas, with its principal place of business in Fort Smith, Arkansas, that is licensed to do and doing business in Louisiana, with its designated, principal business establishment in Louisiana located in East Baton Rouge Parish, Louisiana.

(b)    ArcBest II, Inc., ("ArcBest"), a foreign corporation incorporated under the laws of the State of Arkansas, with its principal place of business in Fort Smith, Arkansas, that is licensed to do and doing business in Louisiana, with its designated, principal business establishment in Louisiana located in Jefferson Parish, Louisiana. ArcBest is the parent company of ABF.

(c)    Napps Technology, Inc. ("Napps"), a foreign corporation, incorporated under the laws of the State of Texas, with its principal place of business in Longview, Texas, that is not

authorized to do business in Louisiana. Upon information and belief, Napps conducts business which is connected with and involves Louisiana and East Baton Rouge Parish.

(d)    Trane U.S. Inc. ("Trane"), a foreign corporation, incorporated under the laws of the State of Delaware, with its principal place of business in Davidson, North Carolina, that is licensed to do and doing business in Louisiana, with its designated, principal business establishment in Louisiana located in East Baton Rouge Parish, Louisiana.

The parties made defendants in sub-paragraphs (a), (b), (c), and (d) are hereinafter collectively referred to as the "Defendants.")

2.    This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendants are completely diverse and the amount in controversy exceeds $75,000.

3.    Venue is proper in this Honorable Court under 28 U.S.C. §1391(b)(2) because all or a portion of the wrongful conduct which culminated in the September 20, 2019 accident, and related damages at issue occurred in East Baton Rouge Parish and within the United States District Court Middle District of Louisiana.

**II.    Background.**

4.    Defendants are justly, truly and jointly liable, *in solido*, to Plaintiff based on the following:

5.    On or about September 20, 2019, an ABF delivery truck and ABF delivery truck driver arrived at the Moore Industries, LLC ("Moore") facility, located at 10037 Barringer Foreman Road in Baton Rouge, Louisiana.

6.  At all material times, the ABF delivery truck was carrying two (2) scroll water cooled compressor chiller units ("the Units"), each weighing approximately 3,500 pounds, to be offloaded at the Moore facility.

7.  Upon information and belief, the Units were manufactured by Napps.

8.  Upon information and belief, Napps sold the Units to Trane.

9.  Upon information and belief, Trane thereafter sold the Units to Moore.

10. Defendants were responsible for packaging, loading, positioning, and securing the Units onto the ABF delivery truck and delivering the Units to the Moore facility.

11. Upon information and belief, at all material times, including, without limitation, when the Units were loaded, transported and unloaded, the ABF truck driver was employed by ABF and in the course and scope of his employment with ABF.

12. On September 20, 2019, the ABF truck driver began unloading the Units from the ABF delivery truck with the assistance of a Moore employee operating a forklift. At all material times, the ABF truck driver directed and supervised unloading of the Units.

13. Unknown to the Moore forklift operator, or Plaintiff, the Units were affixed with labels, which suggested a method for moving the Units by forklift. Upon information and belief, the labels were obstructed from view, due to the manner in which the Units were packaged, positioned, and/or secured in the ABF delivery truck.

14. Upon information and belief, the ABF truck driver did not advise the Moore forklift operator about the labels on the Units.

15. The ABF truck driver did not advise the Plaintiff about the labels on the Units.

16. Similarly, the ABF delivery truck trailer and the manner in which the Units were positioned in the ABF delivery truck impaired the Moore forklift operator's approach and ability to offload the Units.

17. Upon information and belief, the packaging on which the Units were shipped limited the available methods for offloading.

18. The Units did not have labels affixed to the ends facing the rear of the ABF delivery truck.

19. The first Unit was offloaded from the delivery truck and stored in a warehouse at the Moore facility.

20. Before attempting to offload the second Unit from the ABF delivery truck, the ABF delivery truck driver, requested that Plaintiff, David Helmers, assist, and he directed Helmers on where to stand and how to assist.

21. The ABF delivery truck driver instructed and directed Plaintiff to stand on one side of the Unit, while he (the driver) stood on the opposite side, as the second Unit was being removed from the ABF delivery truck.

22. While offloading the second Unit, Plaintiff, pursuant to the directions of the ABF delivery truck driver, attempted to stabilize the load by putting his hands on the Unit, while it was being removed from the ABF delivery truck.

23. During the offload, the second Unit tilted and fell onto Plaintiff, pinning him against the pavement and crushing his left leg.

24. Upon information and belief, the packaging on which the second Unit was shipped failed during the unloading operation.

25. Plaintiff remained pinned under the Unit, until the ABF delivery truck driver lifted the Unit with the Moore forklift. Plaintiff remained conscious throughout the accident, experiencing excruciating pain.

26. The accident and weight and impact of the Unit caused Plaintiff to sustain severe, debilitating bodily injuries, including, without limitation, severe injuries to his left leg and abdomen.

27. Plaintiff has undergone numerous surgeries to repair his leg, and, to present, he remains unable to ambulate and is restricted to primarily using a wheeler chair.

28. Plaintiff is presently receiving, and will continue to receive, medical treatment in connection with the September 20, 2019 accident.

29. Due the accident and significant injuries, Plaintiff has been unable to work.

30. At all material times, Plaintiff and his co-worker were working for Moore, and neither contributed in any way to the subject accident.

**III. Claims**.

31. The subject accident and Plaintiff's damages were caused by the negligence of Defendants, or their agents, employees, or others for whom they are liable, which negligence consists of, but is not limited to, the following particulars:

    A. Failing to properly package the Units for shipment;

    B. Failing to properly mark or prepare the Units for shipment;

    C. Failing to properly load and secure the Units in a delivery vehicle;

    D. Failing to select the proper means/mode for transporting and unloading the Units;

    E. Failing to maintain the Units and/or other structures and equipment in a reasonably safe condition;

    F. Failing to warn of the proper method to offload the Units;

G. Failing to offload the Units in a safe and prudent manner given the then existing conditions;

H. Failing to have appropriate safety measures and procedures in place to prevent the accident at issue in this litigation;

I. Failing to have appropriate safety measures and procedures in place to prevent the injury and damages of the type Mr. Helmers suffered and will suffer;

J. Failing to maintain a proper lookout or warn Plaintiff;

K. Causing and/or allowing an unsafe condition and/or situation to exist;

L. Failing to act with the required degree of care commensurate with the existing circumstances;

M. Failing to train their employees and/or agents;

N. Improperly and/or inadequately training their employees and/or agents;

O. Failing to supervise their employees and/or agents;

P. Improperly and/or inadequately supervising their employees and/or agents; and

Q. Other acts of negligence to be shown at the trial of this matter.

32. Alternatively, or in addition to, the subject accident and Plaintiff's damages were caused by the improper or inadequate design, manufacturing, or composition of the Units, packaging, and/or shipping materials for the Units, including, inadequate and improper warnings or instructions for safely offloading the Units, for which Defendants, or their agents, employees, or others for whom they are responsible, are liable.

33. Defendants are vicariously liable for the conduct, negligence, and/or fault of their employees and drivers.

**IV. Damages.**

34. As a result of the injuries Plaintiff sustained in the incident described herein, Plaintiff, David Helmers, is entitled to recover the following damages:

A. Past and future loss of wages, loss of earning capacity, and loss of fringe benefits;

B. Past and future physical pain and suffering;

C. Past and future mental pain and suffering;

D. Past and future disability and disfigurement;

E. Past and future loss of enjoyment of life;

F. Past and future medical expenses and needs;

G. Prejudgment interest on all past damages from the date of the subject incident/loss;

H. Post-judgment interest on all damages from the date of judgment until paid;

I. Court and litigation costs associated to the extent allowed by law; and

J. Any and all other general and/or special damages recoverable under the applicable law(s).

WHEREFORE, Plaintiff, David M. Helmers, prays that defendants, ABF Freight System, Inc., ArcBest II, Inc., Napps Technology, Inc., and Trane U.S. Inc., be cited and summoned to appear and answer same in the legal delays allowed by law, that after trial, there be judgment in his favor, and that there be judgment against defendants jointly, severally, and/or *in solido* in the full and true sum of an amount of damages, both general and special, as is reasonable in the premises plus prejudgment and post judgment interest thereon from date of his injuries until paid, all costs of these proceedings, and all other just and equitable relief that is proper under the law.

                    Respectfully submitted,

                    NEUNERPATE

BY: _____
                    Jeffrey K. Coreil, LA Bar No. #32405
                    (JCoreil@NeunerPate.com)
                    Ben L. Mayeaux, LA Bar No. #19042
                    (BMayeaux@NeunerPate.com)
                    Phillip M. Smith, Bar No. 37314
                    (PSmith@NeunerPate.com)
                    1001 West Pinhook Road, Suite 200
                    Lafayette, LA  70503
                    Phone: (337) 237-7000
                    Fax:    (337) 233-9450

                    **Counsel for Plaintiff, David M. Helmers**

**Service Information:**

1.     ABF Freight System, Inc.
        *Through its registered agent*:
        Corporation Service Company
        501 Louisiana Ave.
        Baton Rouge, LA 70802

2.     ArcBest II, Inc.
        *Through its registered agent*:
        Corporation Service Company
        501 Louisiana Ave.
        Baton Rouge, LA 70802

3.     Trane U.S. Inc.
        *Through its registered agent:*
        Corporation Service Company
        501 Louisiana Ave.
        Baton Rouge, LA 70802

4.     Napps Technology, Inc.
        905 W. Cotton St.
        Longview, TX 75604